843 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilbert Leon SMITH, Jr., Defendant-Appellant.
 No. 87-2027.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendant appeals the denial of his Fed.R.Crim.P. 35(a) motion to correct his sentence. Defendant was convicted of two counts of conspiracy, possession with intent to distribute heroin, six counts of unlawful use of a communications facility, and engaging in a continuing criminal enterprise. This court vacated defendant's conspiracy convictions but affirmed the remaining convictions on direct appeal. United States v. Adams, No. 85-1330/1338 (6th Cir. Sept. 24, 1986).
 
 
 3
 We initially note that this appeal is timely because the district court's judgment was entered on its docket sheet on October 16, 1987. Fed.R.App.P. 4(a)(2) and (6).
 
 
 4
 On appeal, defendant contends that his conspiracy convictions have not been vacated despite this court's ruling on direct appeal and that his convictions of both engaging in a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848 and the predicate offenses specified under 21 U.S.C. Sec. 848(b) violate double jeopardy. We disagree.
 
 
 5
 The conspiracy convictions were in fact vacated by this court's order on direct appeal, and no further action is required to make the convictions null and void. The vacated convictions are not to be used to delay parole eligibility or to impeach, nor shall they be allowed to have any other adverse effect upon defendant. Furthermore, although defendant's conspiracy convictions were vacated because he may not be convicted of both engaging in a continuing criminal enterprise and an underlying conspiracy, see Jeffers v. United States, 432 U.S. 137, 155 (1977), the same is not true of defendant's underlying substantive offenses, Garrett v. United States, 471 U.S. 773, 794-95 (1985), because Congress clearly intended to permit both convictions. Garrett, 471 U.S. at 777-86. Therefore, the district court properly denied defendant's motion.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.